UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM CHASE, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>WARDEN, USP TERRE HAUTE, )<br>)<br>Respondent. ) | 2:10-cv-048-WTL-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

William Chase was found guilty in a prison disciplinary proceeding of violating rules by his use of any narcotic. Contending that the proceeding is tainted by constitutional error, Chase seeks a writ of habeas corpus. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, because the court finds that there was no error of that nature, Chase's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

1.  Chase is in the custody of the Federal Bureau of Prisons ("BOP"), is confined at a prison within this District, and challenges the proceedings associated with BOP Incident Report Number 1738575. Certain particulars of that proceeding are the following:

    a.  The incident report was issued on May 30, 3008. Chase was charged with committing the prohibited act of the use of any narcotic. The basis of the charge was the result of a toxicology test of a urine sample Chase had given. The result tested positive for the presence of opiates.

    b.  Chase received a copy of the incident report on May 30, 2008.

    c.  Chase was supplied with notice of his procedural rights in connection with the matter also on May 30, 2008. As the case was passed from one level to another, Chase was re-advised of his procedural rights on June 1, 2008, and again before the hearing conducted on June 6, 2008.

    d.  At the hearing, evidence was submitted. This included Chase's admission that the report was true. The evidence also included the incident report, the toxicology report referenced in the incident report, and evidence that Chase had not been prescribed any medication which could have triggered a positive for opiates from the urine sample.

    e.      After considering that evidence, Chase was found guilty of the charge.

    f.      The hearing officer imposed sanctions which included the disallowance of 41 days Good Conduct Time (GCT).

    g.      Chase exhausted his right to an administrative appeal and then filed the present action.

    2.      The Due Process Clause of the Fifth Amendment imposes four requirements on prison disciplinary committees: (1) prison officials must give the prisoner advance written notice of the charges against him; (2) the disciplinary hearing officer must give the prisoner the opportunity to present witnesses and evidence in his defense; (3) the fact-finders must give the prisoner a written statement of the evidence upon which they relied and the reasons for their decision; and (4) the decision maker must be sufficiently impartial. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Hill*, 472 U.S. at 457. The "some evidence" standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. These protections are also contained BOP regulations. See 28 C.F.R. §§ 541.10 through 541.23.

    3.      Using the protections recognized in *Wolff* and *Hill* as an analytical template, Chase received all the process to which he was entitled associated with BOP Incident Report Number 1738575. That is, the charge was clear and adequate notice was given. In addition, (1) Chase was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed. The evidence was sufficient, consisting of the incident report, the toxicology and medical reports, and Chase's admission.

    4.      Chase's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Sanctions such as the loss of visits for a period of time do not impact the fact or length of his confinement, and hence cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). As to the severity of the sanction of forfeited GCT, it did not exceed that which was authorized and is not otherwise cognizable here. *See Townsend v. Burke,* 334 U.S. 736, 741 (1948)("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

    5.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action

in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Chase to relief. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/02/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana